```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION No. 2:19-00225

**BARI MYRICKS**

O R D E R

Pending are the defendant's <u>pro se</u> Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 65), filed November 19, 2021, and the defendant's <u>pro se</u> Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) (ECF No. 76), received in chambers on May 7, 2021, and filed by the Clerk on June 14, 2022.

Pursuant to the court's order dated June 14, 2022 (ECF No. 75), the government filed a response in opposition to the defendant's motions on July 11, 2022 (ECF No. 79).

On November 25, 2019, defendant Bari Myricks ("Myricks") pled guilty to possession with intent to distribute 40 grams or more of fentanyl and to being a felon in possession of a firearm.  ECF No. 31; ECF No. 32.

On February 14, 2020, this court sentenced Myricks to 96 months of imprisonment on each count to run concurrently. ECF No. 38.  Myricks's prison term is to be followed by four years of supervised release.  Id.

Myricks, now 49 years of age, is currently housed at FCI Schuylkill.  See Fed. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited Aug. 25, 2022). His anticipated release date is May 4, 2026.

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence.  18 U.S.C. § 3582(c).  In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances.  First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement,[1] courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing

---

[1] Myricks furnished documents showing that he requested compassionate release from the warden of his prison facility. See ECF No. 65, at 16-17; ECF No. 76, at 11-12.  The government did not challenge the sufficiency of his exhaustion.

Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020).  Accordingly, the court is not limited by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

Myricks's motions for compassionate release plead that his "underlying medical conditions place him at grave risk for adverse consequence from contracting COVID-19."  ECF No. 76, at 5; ECF No. 65, at 4–8.

Myricks avers that he "suffers from Hypertension, Obesity, Hyperlipidema [sic], and Prediabetes, to which he is proscribed Hydrochlorothiazide (25 mg) and Lisinopril (40 mg), Amlodipine (10 mg) and Ezetimibe (10 mg)."  ECF No. 76, at 6. Additionally, Myricks submits that he is obese, with a body mass index above 30.  Id.

With respect to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized

3

susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Myricks's BOP medical records confirm that he has essential hypertension, hyperlipidemia, myopia, presbyopia, and a Vitamin D deficiency. ECF No. 79, at 2; ECF No. 81, at 35. The records further confirm that Myricks is obese, with a body mass index of 33.1. ECF No. 79, at 8 n.4; ECF No. 81, at 1. His records also indicate a prior diagnosis of "prediabetes;" however, that diagnosis is classified as in remission. ECF No. 81, at 35.[2]

According to the CDC, individuals with certain medical conditions, including hypertension and obesity, are more likely

---

[2] The government concedes that Myricks has these diagnoses but submits that inasmuch as Myricks has received COVID-19 vaccination, compassionate release is not warranted. ECF No. 79, at

4

to suffer from severe illness should they contract COVID-19. See CDC, Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

Even assuming that Myrick's medical conditions increase his risk of experiencing a serious illness should he contract the virus, Myricks has not shown himself to be at undue risk from COVID-19.  As of August 25, 2022, the BOP reports that FCI Schuylkill has two active COVID cases amongst inmates and three active cases amongst staff.  See Fed. Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited August 25, 2022).

Given the relatively low incidence of COVID-19 at FCI Schuylkill – particularly when compared with the marked presence of COVID-19 outside the prison system – and the treatment for his illnesses that he is now receiving, the court cannot find that Myricks is more likely to contract COVID-19 at his prison facility than he would if released.  See CDC, COVID Data Tracker, https://covid.cdc.gov/covid-data-tracker/ (last visited August 25, 2022).

Accordingly, the court finds that, under the circumstances, Myricks has not shown himself to be at undue risk from COVID-19.

To the extent Myricks asserts that compassionate release is appropriate based on his medical condition generally, the court finds that he has not established that his medical condition is so serious or deteriorated – or that his medical care has been so lacking – as to warrant compassionate release. Indeed, Myricks's "conditions appear well controlled at this time by medical professionals associated with FCI Schuylkill." ECF No. 78, at 2–3.

Accordingly, the court finds that Myricks has failed to establish extraordinary and compelling reasons under § 3582(c)(1)(A)(i).

Moreover, the court finds that compassionate release would not be consistent with the factors set forth in § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

Aside from the convictions for distribution of the deadly drug fentanyl and the firearm possession for which he is now serving his sentence, Myricks has, throughout his adult life, received a steady stream of convictions.  PSR ¶¶ 39–46. Indeed, Myricks was discharged from prison on his last conviction only 15 months before engaging in the conduct underlying this case.  Id. at ¶ 46.

The court does not believe that early termination of Myricks's sentence would serve to adequately deter Myricks's criminal conduct or protect the public from further crimes of the defendant.

In light of the foregoing, the court ORDERS that the defendant's motions (ECF No. 65 and ECF No. 76) be, and they hereby are, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: August 26, 2022

John T. Copenhaver, Jr.
Senior United States District Judge