```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION No. 2:19-00225

**BARI MYRICKS**

### O R D E R

Pending is defendant's <u>pro se</u> Letter-Form Motion for Reconsideration (ECF 89), filed September 30, 2022, and <u>pro se</u> Emergency Motion to Appoint Counsel (ECF 88), filed September 6, 2022.

### I.   Motion to Reconsider

In his reconsideration motion, the defendant requests that the court revisit its order on his motion to reduce sentence (ECF 85), entered August 26, 2022.  Eleven days after entry of that order, on September 6, 2022, Mr. Myricks filed three items with the court: (1) an untimely reply (ECF 87) to the government's response that had been filed on July 11, 2022, opposing his motion to reduce sentence (ECF 79); (2) a notice to the court containing defendant's representations regarding

conditions in his correctional facility, his own health risks, and his own good behavior (ECF 86); and (3) an emergency motion to appoint counsel (ECF 88).

Myricks avers that reconsideration is appropriate because he did not receive the government's response in opposition, requiring him to send for it.[1] He further asserts that this delayed his ability to begin researching and developing his arguments on reply, causing the subsequent tardiness in his filing. ECF 89.

"[T]he Federal Rules of Civil Procedure do not apply to motions under § 3582." United States v. Goodwyn, 596 F.3d 233, 235 n* (4th Cir. 2010). Motions brought under Section 3582 are "criminal in nature" and "there are no federal statutes or rules that authorize a motion for reconsideration in the criminal sentencing context." United States v. Broxton, 2022 WL 595658 at *1 (4th Cir. 2022) (per curiam) (applying Goodwyn to motion for reconsideration of district court's denial of motion for compassionate release). A district court must construe motions for reconsideration of a denial of compassionate release under Section 3582 as renewed motions for compassionate release.

---

[1] The government's response in opposition was filed on July 11, 2022. ECF 79. It was accompanied by Myricks' medical records from the Bureau of Prisons, filed under seal. ECF 81.

2

Id. Accordingly, the court will treat Myricks' motion as a renewed motion for compassionate release.

### a. Legal standard

Generally, once a court has imposed a term of imprisonment, it lacks the authority to modify the sentence. 18 U.S.C. § 3582(c). In December 2018, however, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582 and enabled courts to reduce a term of imprisonment under certain circumstances. First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

As amended, § 3582 provides that after satisfying an administrative exhaustion requirement, courts may reduce a sentence if (1) "extraordinary and compelling reasons warrant such a reduction," (2) "reduction is consistent with the applicable policy statements issued by the Sentencing Commission," and (3) release is consistent with the factors listed under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

The Fourth Circuit has clarified that at the current time there are no "applicable policy statements issued by the Sentencing Commission." See United States v. McCoy, 981 F.3d 271, 283 (4th Cir. 2020). Accordingly, the court is not limited

by an enumerated list of reasons that warrant relief and "enjoy[s] broad discretion in conducting this analysis." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021).

b. Analysis

With regard to claims that compassionate release is warranted due to the COVID-19 pandemic, courts have found "extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); see United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) ("The underlying arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical conditions increases that individual's risk of experiencing a serious or even fatal, case of COVID-19.").

Even if the court were to conclude that Myricks' medical conditions increase his risk of experiencing serious illness should he contract COVID-19, the court finds that

4

Myricks has failed to establish that he has a particularized risk of contracting COVID-19 at his prison facility.

As of December 29, 2022, the Bureau of Prisons reports that there are 0 confirmed open cases of COVID-19 amongst FCI Schuylkill's 1,138 inmates and only three cases amongst staff. <u>COVID-19 Cases</u>, BOP, https://bop.gov/coronavirus (last visited December 29, 2022).

When the low numbers of COVID-19 reported by the BOP at FCI Schuylkill are compared with the widespread presence of COVID-19 outside the prison system, the court simply cannot find that Myricks is more likely to contract COVID-19 at his prison facility than he would if released.  <u>See</u> <u>COVID Data Tracker</u>, CDC, https://covid.cdc.gov/covid-data-tracker/#county-view (last visited December 29, 2022) (showing 51.15 percent of counties nationwide as having medium or high rates of community transmission).  Accordingly, Myricks has failed to establish extraordinary and compelling reasons that warrant compassionate release based on concerns arising from the COVID-19 pandemic.

To the extent Myricks has asserted that compassionate release is appropriate based on his medical conditions, the court finds that Myricks' proffered illnesses do not appear to be so serious that he has been unable to provide self-care while incarcerated.  The court need not exhaustively renew the

5

discussion of Myricks' health conditions contained in its prior order (ECF 85), but it will briefly address those concerns newly raised in Myricks' subsequent filings.  Specifically, Myricks avers that "I am also on cronic [sic, chronic] care I am suppose [sic] to be seen by my P.A. once every 3 months. I have been here for over 20 months, and I have only been seen one time by my P.A."  ECF 86 at 1.

However, medical records furnished by the United States reflect that this assertion is misleading.  During that time period, Myricks had Chronic Care Clinic appointments on September 23, 2021 and May 12, 2022.  ECF 81 at 1-3, 21-24.  While records from the September 23, 2021 appointment indicate that it was conducted by telehealth, they also show Myricks as having then received a comprehensive diagnostic exam by Ellen Mace-Leibson, DO.  Id. at 21-24.  At that time, Dr. Mace-Leibson also ordered a follow-up chronic care visit for March 22, 2022, or after six months' time.  Id. at 24.  On January 16, 2022, Myricks approached a nurse about "heart pounding" and dizziness; the nurse checked his vital signs and found them within normal limits.  Id. at 11.  Dr. Mace-Leibson reviewed and co-signed the nurse's report on January 18, 2022.  Id. at 14.  There is no record that any visit took place as scheduled on March 22, 2022, but on May 12, 2022 Myricks was again seen for another Chronic

Care appointment for treatment of his hypertension, this time at FCI Schuylkill's Health Services clinic. Id. at 1-3. Richard Andreuzzi, PA-C checked Myricks' vital signs, reviewed lab test results with him, answered his questions, and renewed a prescription of vitamin D. Id. Andreuzzi's notes indicate a continuing diagnosis of essential (primary) hypertension and hyperlipidemia, for which Andreuzzi recommended continuation of Myricks' current treatment, diet, and exercise. Id. at 3.

In sum, the medical records do not reflect Myricks' assertion that he is required to be seen every three months, nor do they reflect that he was seen only once in the 20 months preceding the filing of his reply on September 6, 2022. Rather, the medical records show that Myricks had two visits with his physician in the 20 months preceding September 6, 2022, one of which was apparently conducted via telehealth, in addition to a diagnostic exam by a nurse practitioner that was subsequently reviewed by his physician. The records also reflect that the prescribed interval for Myricks' chronic care appointments was six months.

Accordingly, the court concludes that Myricks is receiving adequate treatment for his medical conditions of hypertension, obesity, and prediabetes from the BOP and that, as

pled, these are not so extraordinary and compelling as to warrant compassionate release.

Because the court finds that release is not warranted under § 3582(c), it need not address whether release would be consistent with the factors set forth in § 3553(a). Nevertheless, the court notes that nothing in Myricks' renewed motion or supporting documentation thereof would alter the court's weighing of the § 3553(a) factors in its prior order. See ECF 85 at 6-7.

## II. Motion to Appoint Counsel

With respect to Myricks' request for appointment of counsel, the court notes that he has no constitutional right to counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (no right to counsel for motions brought under §3582). Nevertheless, the court has discretion to appoint counsel to a financially eligible person when the interests of justice require it. United States v. Williams, 853 F. App'x 897, 898 (4th Cir. 2021) (per curiam) (citing Legree, 205 F.3d at 730). In light of Myricks' failure to demonstrate that his request for compassionate release would

have merit, the court concludes that the appointment of counsel would be futile and therefore not in the interests of justice.

### III. Conclusion

For the foregoing reasons, it is ORDERED that the defendant's letter-form motion for reconsideration (ECF 88), which this court construes as a renewed motion for compassionate release, be, and hereby is, denied.

It is further ORDERED that the defendant's motion for the appointment of counsel (ECF 88) be, and hereby is, denied.

The Clerk is directed to transmit copies of this order to the defendant and all counsel of record.

ENTER: December 30, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge